**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RUBEN PARTIDA-CERVANTES,      )
      )
      Petitioner/Defendant,      )
      )
v.      )      Case No. 04-10029-01-WEB
      )      06-3123-WEB
      )
UNITED STATES OF AMERICA,      )
      )
      Respondent/Plaintiff      )

**MEMORANDUM AND ORDER**

The matter comes before the Court to consider a motion to vacate, set aside or correct the

sentence imposed (Doc. 34) in the above entitled cause of action under 28 U.S.C. §2255.

Petitioner challenges the wavier of collateral attack in his plea agreement and argues ineffective

assistance of counsel.  Petitioner argues that *Blakely v. Washington* affords him relief from his

current sentence of 120 months.  Respondent moves to dismiss the motion based on the plea

agreement in which Petitioner waived his right to collateral attack.

**Background**

Petitioner pled guilty to one count of possession with intent to distribute in excess of five

kilograms of cocaine on June 1, 2004.  The Petitioner signed a petition to plead guilty as a result

of a plea agreement.  The Court sentenced the Petitioner, on September 13, 2004,  to 120

months, the mandatory minimum for the offense charged.

Petitioner filed a timely appeal before the 10th Circuit Court of Appeals on September 29,

2004, which was dismissed on August 18, 2005.  The Petitioner proceeded to file a timely

motion to vacate, set aside or correct the sentence imposed under 28 U.S.C. §2255.

**Legal Standard**

In *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), the Court of Appeals

established a three prong test when reviewing cases brought under 28 U.S.C. §2255: "(1)

whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether

the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing

the waiver would result in a miscarriage of justice as we define herein." *Citing United States v.*

*Andix,* 333 F.3d, 886, 890-92 (8th Cir. 2003).

**Application of the Legal Standard to Petitioner's Waiver of Collateral Attack**

The Court finds that the disputed collateral attack falls within the signed plea agreement,

satisfying the first prong of the analysis, and notes that the language of paragraph 11, entitled

*Waiver of Appeal and Collateral Attack,* applies to the dispute:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally
> attack any matter in connection with this prosecution, conviction and sentence.
> The defendant is aware that Title 18, U.S.C. §3742 affords a defendant the right
> to appeal the conviction and sentence imposed which is within the guideline range
> determined appropriate by the court.  The defendant also waives any right to
> modify, change or challenge a sentence or manner in which it was determined in
> any collateral attack, including, but not limited to, a motion brought under Title
> 28, U.S.C. §2255 [except as limited by United States v. Cockerham, 237 F.3d
> 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C.
> §3582(c)(2).  In other words, the defendant waives the right to appeal the
> conviction and the sentence imposed in this case except to the extent, if any, the
> court departs upwards from the applicable sentencing guideline range determined
> by the court.  However, if the United States exercises its right to appeal the
> sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is
> released from this waiver and may appeal the sentence received under Title 18,
> U.S.C. § 3742 (a)

The Court also notes paragraph 7 of the plea agreement entitled *Sentence to be Determined by*

*the Court:*

> The defendant understands that the sentence imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

The second prong of the analysis, whether Petitioner knowingly and voluntarily waived his rights to collaterally attack, looks to "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there was an "adequate colloquy" performed by the Court.  *Id.* at 1325 (citation omitted).  The transcript shows that the Court discussed thoroughly the  plea agreement with Petitioner and asked questions as to whether he understood that he was waiving his right to a collateral attack. Petitioner acknowledged that he understood the plea agreement and his right to a collateral attack and signed the plea agreement in the presence of the Court, Petitioner's Counsel and Respondent (Doc. 51).

Finally, the third prong of the analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice." *Id*. at 1327. (citing *Andix*, 333 F.3d at 891; *Khattak,* 273 F.3d at 562-63; *Teeter*, 257 F.3d at 25.)  The Court has held that "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated in *Elliott*" Id. at 1327.  The four exceptions the 10th Circuit adopted include: "[1] where the district relied on impermissible factors such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Elliott*, 264 F.3d at 1173 (citing *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001).

There is no evidence in the Court transcript that exceptions 1, 3 or 4 apply in this case.

The Court's colloquy with Petitioner during the plea hearing did not address race aside from the usual questions regarding where the Petitioner was born and where he attended school.  The sentence does not exceed the statutory maximum; in fact, the Court sentenced Defendant at the statutory minimum.  Moreover, the waiver is a lawful document and was executed in a lawful manner as noted above in its execution before the Court, Petitioner's Counsel and Respondent.

The second exception addresses Petitioner's argument of ineffective assistance of counsel.  In this case, Petitioner's argument of ineffective assistance of counsel relates to sentencing issues not to the negotiation of the plea waiver.  Petitioner claims that there were errors in the plea agreement because it did not include the following: the application of the "safety valve" under 18 U.S.C. §3553(f),  any adjustment for Petitioner playing a minor role in the drug trafficking as a mule, other consideration of measures under 18 U.S.C. 3553(a), and that it incorrectly imposes the ten year mandatory minimum under 21 U.S.C. §841 (b)(1)(A)(ii).  These issues, however, pertain to sentencing, not to the validity of the waiver.  According to *Cockerham*, "[d]efendant's §2255 ineffective assistance claim regarding sentencing for his drug convictions does not relate to the validity of the plea or the waiver," and the Court held that "he has waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver."  *United States v. Cockerham,* 237 F.3d 1179, 1188 (10th Circ. 2001).

In conclusion, none of the four exceptions effectively apply in the current case.  Therefore, Petitioner's waiver does not result in a miscarriage of justice.  Ultimately, Petitioner fails to establish his right to a collateral attack under 28 U.S.C. §2255.

**Application of Legal Standard Regarding Petitioner's Claim of Ineffective Assistance of Counsel**

The Court has established that Petitioner's claim of ineffective assistance of counsel does not apply to sentencing issues.  However, the burden of proof is on the Petitioner to prove ineffective assistance of counsel was present during the negotiation of the waiver.  In proving ineffective assistance of counsel, Petitioner "must meet both prongs of the Strickland analysis. First, he must prove counsel's performance was constitutionally deficient.  Second, he must show counsel's deficient performance prejudiced his defense, depriving him of a fair trial with a reliable result." *Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

In order to prove the first prong of the analysis, a Defendant "must show 'counsel's representation fell below an objective standard of reasonableness.'" *Id*. at 1235 (citation omitted).  There is a strong presumption in the courts to give counsel the benefit of wide range of professional counsel.  There is no evidence in the record that Petitioner's counsel acted in such a way that his representation fell below an objective standard of reasonableness.  In fact, Petitioner's counsel, during the course of the case, filed proper and timely motions.  The transcript notes several times in the colloquy during the plea hearing where the Court questioned Petitioner regarding whether he was satisfied with his lawyer's advice.  The Defendant answered by saying he was "very satisfied" and even further noted he left his previous attorney and, with the aid of his father, hired his current attorney (Doc. 51).

In order to prove the second prong of the analysis, Petitioner must show that "but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different." *Id*. at 1235 (citation omitted).  The Court has defined reasonable probability as "probability sufficient to undermine the confidence in the outcome." *Id*. at 1235 (citation

omitted).  None of the factors that established the sentencing guidelines in this case were a direct result of counsel and alleged misrepresentation.  In this instance, Petitioner fails to prove that the result would have been any different with or without Petitioner's counsel.

Ultimately, Petitioner has failed to prove that counsel's representation was constitutionally deficient and that Petitioner was so prejudiced that there would have been a different outcome.  Therefore, the Court rejects Petitioner's argument of ineffective assistance of counsel.

**Application of legal standard as to Petitioner's argument under 18 U.S.C. §3553**

However, had the Court found that Petitioner had met the burden of proving ineffective assistance of counsel, the Court would still deny Petitioner's claim that his attorney should have addressed the "safety valve" provision under 18 U.S.C. § 3553(f).  The burden is on Petitioner to prove that all five elements exist under the "safety valve" provision in 18 U.S.C. §3553(f).  Petitioner's argument fails to satisfy the second element of the "safety valve" provision because of a showing of evidence in the presentence report that suggests use of "violence" or "credible threats of violence...in connection with the offense."  18 U.S.C. § 3553(f)(2).  Evidence in the presentence report shows that Petitioner entered a woman's vehicle without permission, told her to drive to "Mexican Town" for $200 and refused to exit the vehicle which caused her to fear for her life.  Petitioner was later charged in Ellis County, KS with kidnapping but charges were dropped in order to proceed in Federal Court.  The above evidence warranted Respondent an upward departure because of Petitioner's conduct in connection with the offense; ultimately, Respondent did not file for a departure.  Because Petitioner's argument failed under 18 U.S.C. §3553(f)(2), Petitioner does not qualify for a sentence reduction under the  "safety valve"

provision.  Therefore, he has failed to qualify for relief under *Blakely v. Washington* because the Court, as noted above, sentenced Petitioner to the statutory minimum within the advisory sentencing guidelines for his conviction.

Finally, Petitioner did not apply for a certificate of appealability in connection with this motion.  The Court finds that issuing a certificate would not be appropriate in this case because Petitioner failed to establish a denial of a constitutional right with regards to the proceedings and sentencing.  Therefore,

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motion for relief under the provisions of 28 U.S. §2255 (Doc. 57) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. §2255 should be and hereby is DENIED.

SO ORDERED this 11th day of July, 2006.

s/Wesley E. Brown
Wesley E. Brown
United States District Senior Judge