**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RUBEN PARTIDA-CERVANTES,           ) | |
| )                                                                  | |
| Petitioner/Defendant,           ) | |
| )                                                                  | |
| v.                                                                ) | Case No. 04-10029-01-WEB |
| )                                                                  | 06-3123-WEB |
| )                                                                  | |
| UNITED STATES OF AMERICA,           ) | |
| )                                                                  | |
| Respondent/Plaintiff           ) | |

**MEMORANDUM AND ORDER**

On July 11th, 2006, this court denied petitioner's motion to vacate, set aside or correct the sentence imposed in above entitled cause of action under 28 U.S.C. §2255. (Doc. 60). The court further ordered that a Certificate of Appealability under the provisions of 28 U.S.C. §2255 be denied. The case now before the court is a Motion for Reconsideration or in the alternative a Motion for Certificate of Appealability filed by Petitioner on July 24th, 2006. (Doc. 61).

Because the court does not recognize a motion to reconsider, courts have construed a motion to reconsider to be under the umbrella of Federal Rules of Civil Procedure. *Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). If a motion to reconsider is filed within 10 days of an order or judgment, then Fed. R. Civ. P. Rule 59(e) applies; whereas if the motion to reconsider is filed after 10 days of an order or judgment then FRCP Rule 60 applies. Petitioner filed this motion to reconsider within 10 days after the court issued its order, therefore the rule set forth under Fed. R. Civ. P. 59(e) governs this petition.

In order to amend the judgment or order of the court, the 10th Circuit has set forth three

provisions that would allow this court to reconsider its previous order. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court must find that one of the following exist: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable or (3) the need to correct clear error or prevent manifest injustice." *Id*. at 1012, citing *Brumark Corp. v. Samson Resources Corp*., 57 F.3d 941, 948 (10th Cir. 1995). The court finds that none of the conditions exist that would allow this court to reconsider its previous order. There has been no introduction of evidence previously unavailable; there have been no changes in controlling law that apply to Petitioner's contentions; and there is no clear error that would create a manifest injustice that this court must correct. Further, the court sees this motion as a chance for Petitioner to readdress previously made arguments in Petitioner's first 28 U.S.C. §2255 motion. According to the 10th Circuit, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* at 1012, citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991.)

The court ruled on petitioner's first 28 U.S.C. §2255 motion with regards to the validity of the waiver and found that petitioner's argument fell within provisions set forth in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The court used the three prong test when reviewing cases brought under 28 U.S.C. §2255: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *Id.* at 1325, *Citing United States v. Andix,* 333 F.3d, 886, 890-92 (8th Cir. 2003). The court in its previous ruling found that Petitioner's motion fell within the scope of the waiver of appellate rights and ruled that he knowingly and willingly waived his

appellate rights; and enforcing the waiver in this instance would not result in a miscarriage of justice. (Doc. 60). Ultimately, the court found that Petitioner's claims of error went to sentencing matters and not to the negotiation of the waiver itself, which, under *U.S. v. Cockerham* 237 F.3d 1179, 1188 (10th Cir. 2001), is not an effective argument with regards to ineffective assistance of counsel.

The court also addressed the argument of ineffective assistance of counsel on the merits and denied relief based on the fact that Petitioner's arguments did not satisfy a finding of ineffective assistance of counsel under the provisions set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). (Doc. 60).

Petitioner now argues that the court did not understand the arguments presented in his first motion. He again challenges "counsel's failure to protect the appeal rights of Movant for structural and/or sentencing errors." and that counsel failed to "negotiate a reduction and 'the exclusion of Movant's substantive rights for effective assistance of counsel and collateral attacks under the Agreement'."(Doc. 61). Petitioner further complains that his attorney should have later negotiated for a lesser sentence under the safety valve provision. (Doc. 61). As the court noted in its prior ruling, Petitioner has made no showing that his attorney was ineffective for failing to seek a safety valve reduction. Petitioner makes no threshold showing that he would have been eligible for such a reduction, nor has he presented anything to show that his counsel's failure to object to the absence of a safety valve reduction fell below an objective standard of reasonableness. Similarly, Petitioner repeats his complaint that his counsel should have preserved his right to appeal, but he presents nothing to show that counsel's advice or performance relating to the waiver of appeal was deficient. Nor does Petitioner cite anything to

suggest he did not knowingly and voluntarily enter into the plea agreement and the waiver provision.

Further, Petitioner argues that counsel never fully advised him of the "scienter element to the offense conduct" (Doc. 61).  The transcript reveals the contrary, however, as the colloquy during the change of plea hearing includes the following record:

> Q. (The Court) You understand that the charge in Count 1 of the indictment requires the government to prove beyond a reasonable doubt that on or about February 9th, 2004, in the District of Kansas, you did unlawfully, knowingly and intentionally possess with the intent to distribute in excess of five kilograms of a mixture or substance containing a detectable amount of cocaine, a controlled substance?
> A. (Petitioner) Yes.
> Q. And you understand that by pleading guilty you are admitting that all of these things are true?
> A. Yes.
> Q. Did you tell your lawyer all facts and circumstances known to you about the charges in the indictment?
> A. Yes.
> Q. Do you believe that he's fully informed on all such matters?
> A. Yes.

Finally, Petitioner introduces a new argument to further his claims of ineffective assistance of counsel.  He alleges that counsel was deficient with regards to lack of aid by an interpreter in interpreting the documents in this case to him because he does not speak any English.  (Doc. 61).  This last argument is unfounded, however, as the transcript reveals the following colloquy between the court and the petitioner during the change of plea hearing (noting that Petitioner resided in California for 23 years and does understand some English). (Doc. 51).

> (Court) Q: I understand you understand some English, is that right?
> (Petitioner with the aid of an interpreter) A: Yes.
> Q: You've lived in California how long?
> A: Twenty-three years.
> ...

4

> Q: Have you and Mr. Williamson and Mr. Ohaebosim thoroughly gone over this petition to plead guilty?
> A: Yes.
> Q: You have had an interpreter to go over it with you?
> A: Yes.
> Q: You've received a copy of the indictment before being called upon to plead, haven't you?
> A: Yes.
> Q: Have you read the indictment and discussed it with your lawyers?
> A: Yes.
> Q: Do you fully understand the charges against you in the indictment?
> A: Yes.

Finally, Petitioner characterizes the motion to reconsider as in the "alternative a motion for COA." (Doc. 61). Although the court denied the motion for certificate of appealability in its previous order, in order for this court to issue a certificate of appealability, the court must find that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Under *Slack v. McDaniel,* 529 U.S. 473, 120 S. Ct. 1595 (2000), in order to substantially show a denial of a constitutional right, Petitioner must prove "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 483-484, *citing Barefoot v. Estell*, 463 U.S. 893, 103 S. Ct. 3383.

In this case, petitioner has failed to show that reasonable jurists could debate whether the process would have gone any differently had he had another attorney. Petitioner has failed to make a showing that he did not knowingly and willingly enter into the plea agreement with full knowledge of all of his rights during the process. He has failed to show that his counsel was ineffective for the reasons set forth in the petitioner's first motion to vacate and the subsequent motion to reconsider. Therefore,

5

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motion to reconsider the previous motion for relief under the provisions of 28 U.S. §2255 (Doc. 57) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. §2255 should be and hereby is DENIED.

SO ORDERED this 24th day of August, 2006.

                                            s/Wesley E. Brown
                                            Wesley E. Brown
                                            United States District Senior Judge