IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
v.                                )      Case No. 04-10029-WEB
                                  )
RUBEN PARTIDA CERVANTES,          )
                                  )
            Defendant.            )

MEMORANDUM AND ORDER

Defendant Ruben Partida Cervantes entered a guilty plea to possession with the intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). On September 13, 2004, he was sentenced to 120 months imprisonment. Before the court is defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 74), requesting a reduction in his sentence based on the amended sentencing guidelines. The Government filed a response, asking the court to dismiss the defendant's motion and enforce the plea agreement, as the appeal waiver specifically includes a motion filed under section 3582.

The court would first note that the defendant appealed his sentence, and the Tenth Circuit found the defendant's waiver to be enforceable and granted the Government's motion to enforce the plea agreement. Defendant then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This court found that the waiver of collateral attack contained in the plea agreement was entered into knowingly, voluntarily, and lawfully, and denied defendant's motion. The Tenth Circuit affirmed this court's ruling.

The Tenth Circuit ruled that a plea agreement waivers that encompass post-sentence proceedings are enforceable. United States v. Goudeau, 390 Fed.Appx. 814, 816 (2010). Once the Government moves to enforce the waiver, the court should consider the factors set forth in

United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004). Under Hahn, the court considers (1) whether the disputed matter falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. Id. at 1325.

Defendant's plea agreement specifically stated that he waived his right to "modify, change or challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001] and a motion brought under Title 18, U.S.C. § 3582(c)(2)." Since defendant seeks relief pursuant to section 3582, his motion is clearly within the scope of the waiver.

Defendant's plea agreement clearly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any manner in connection with this prosecution, conviction and sentence." The court participated in a Rule 11 plea colloquy, in which the defendant acknowledged that he was entering his plea knowingly and voluntarily, defendant acknowledged that the statutory maximum sentence was 120 months, and defendant admitted to reviewing the plea agreement with his attorney. The defendant knowingly and voluntarily waived his right to file a post conviction motion.

The defendant cannot show a miscarriage of justice. The miscarriage of justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the waiver; (c) his sentence exceeded the statutory maximum, or (d) the waiver is otherwise unlawful and the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Hahn, 359 F.3d at 1327. There is no evidence in the record that the court relied on an impermissible factor

such as race.  The court determined, in denying defendant's section 2255 motion, that defendant did not show ineffective assistance of counsel in connection with the negotiation of the waiver. Defendant has not set forth additional evidence in this motion for the court to find otherwise. His sentence did not exceed the statutory maximum, and the waiver was not otherwise unlawful.

The section 3582 waiver is lawful; and there is no indication that enforcing it would seriously affect the fairness, integrity or public reputation of judicial proceedings.

IT IS THEREFORE ORDERED that defendant's Motion for Reduction of Sentence (Doc. 74) is DENIED.

IT IS SO ORDERED this 22nd day of March, 2011.


  s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Court Judge